### WILLIAM H. HARPER, Respondent, v. SOLOMON HAMER, Appellant.

### No. 3352; October 17, 1873.

**Wife's Separate Property.**—In an Action for the Possession of **Land,** brought by a woman both in her own right and as executrix of her husband, judgment is not to be given vesting the title in her alone as her separate estate if not in accord with the documentary proof at the trial.

**Community Property—Debts of Decedent.**—Property Acquired **by Either Spouse** during the marriage, under a deed of bargain and sale reciting a valuable consideration, is prima facie community property, and is assets in the hands of the executor or administrator of the husband for the payment of debts.

APPEAL from Third Judicial District, Alameda County.

Action of ejectment.

Wm. W. Chipman for respondent; Clarke & Carpentier for appellant.

CROCKETT, J.—The proof shows that on the thirty-first day of October, 1853, the legal title to the demanded premises was in C. C. Bowman and E. S. Chipman, who on that day conveyed it by deed reciting a consideration of seven hundred dollars to W. H. Harper, one of the original plaintiffs in this action, and the husband of the other plaintiff; that on the 15th of August, 1855, Harper, by a deed reciting a consideration of eighteen hundred and seventy-five dollars, conveyed said premises to his brother Frederick P. Harper, who, on the 25th of December, 1855, by a deed of bargain and sale, reciting a consideration of fifteen hundred dollars, conveyed them to the plaintiff, Sarah E. Harper. It further appears that W. H. Harper died after the commencement of this action; and on the suggestion of his death the court entered an order to the effect that the action be continued in the name of Sarah E. Harper, in her own right and also as executrix of W. H. Harper, deceased. The court found as one of the facts that at the commencement of the action the plaintiff Sarah E. Harper "was the sole and separate owner

in fee simple'' of the premises in controversy, and entered judgment for her in her own separate right, dismissing the action so far as it was prosecuted by her in her capacity of executrix. The defendants moved for a new trial on the ground, amongst others, of the insufficiency of the evidence to justify the judgment and decision; and under this head specified in the statement in support of the motion, ''that the evidence shows the legal title to the demanded property, if in either of the plaintiffs at the institution of the suit, was in Wm. H. Harper.'' If there was any evidence in the cause tending in any degree to show that the title was in Mrs. Harper as her sole and separate estate, it was the duty of the plaintiff or her counsel to see that it was embodied in the statement on motion for new trial. But none such appears. Her case on this point, so far as it appears from the statement, rests wholly on the conveyances, all of which are deeds of bargain and sale, reciting a valuable consideration. There is nothing to show that the consideration paid was her separate estate, or that no consideration was, in fact, paid. On the contrary, the deeds were left to speak for themselves, without any explanation whatever. The plaintiff, it is true, offered to introduce some explanatory evidence, which was ruled out by the court and is not in the case. Her rights, therefore, must be determined by the face of the conveyances. It is too well settled to merit discussion that in this state property acquired by either spouse during the marriage under a deed of bargain and sale, reciting a valuable consideration, is prima facie community property, and is assets in the hands of the executor or administrator of the husband for the payment of debts. As the facts are here presented, the right of action was in Mrs. Harper in her capacity of executrix, and not in her own right. The motion for a new trial ought, therefore, to have been granted.

Judgment and order reversed and cause remanded for a new trial.

We concur: Rhodes, J.; Belcher, J.; Wallace, C. J.; Niles, J.